YM

**FILED**

**JANUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 143**

| | | |
|---|---|---|
| PHILIP P. PHILBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SPX CORPORATION, SPX FLUID | ) | |
| POWER, a corporation, and TOM | ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| PRUSINSKI, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT AT LAW

Plaintiff, PHILIP PHILBIN, (hereinafter "Plaintiff" or "PHILBIN"), by his attorneys, KIMBERLY A. CARR and LORI A. VANDERLAAN of BEST, VANDERLAAN & HARRINGTON, in complaining of Defendants, SPX CORPORATION, SPX FLUID POWER (hereinafter collectively "Defendants" or "SPX") and TOM PRUSINSKI (hereinafter "PRUSINSKI"), states as follows:

### NATURE OF CLAIM

1.      This is an action seeking redress for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, retaliatory discharge, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, *et seq.,* and other common law liability.

### JURISDICTION AND VENUE

2.      Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4), and 28 U.S.C. §1331.

3.    Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b), as Plaintiff's causes of action arose herein.

## PARTIES

4.    Plaintiff PHILBIN is a 56 year old male citizen of the United States, and currently is a resident of Poplar Grove, Illinois.

5.    PHILBIN was at all relevant times an employee of Defendants and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

6.    Defendant SPX CORPORATION is a Delaware corporation doing business in Illinois with its corporate headquarters at 13515 Ballantyne Corporate Place, Charlotte, North Carolina, 28277.

7.    Defendant SPX FLUID POWER is a corporation doing business in Illinois with its corporate office at 5885 11th Street, Rockford, Illinois, 61109.

8.    Defendant TOM PRUSINSKI is an individual, Illinois resident, with a business address of 5885 11th Street, Rockford, Illinois, 61109.

## PROCEDURAL REQUIREMENTS

9.    PHILBIN has fulfilled all conditions precedent to the institution of this action under the Age Discrimination in Employment Act. He timely filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission and received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit "A."

## COUNT I
## SPX CORPORATION & SPX FLUID POWER
## AGE DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

10.     Plaintiff was employed with Defendant SPX at all relevant times herein until on or about November 2, 2006, as its Credit and Collections Manager.

11.     Both SPX CORPORATION and SPX FLUID POWER are qualified employers under the ADEA, and at all relevant times they engaged in an industry affecting commerce, and employed far in excess of twenty (20) employees.

12.     At all times throughout his course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

13.     Plaintiff has a federally protected right to equal treatment in the workplace.

14.     At the time Plaintiff's employment with Defendants was terminated, Plaintiff was fifty-five (55) years old.

15.     After Plaintiff's hire and during his employment, SPX placed a new management team at the facility Plaintiff worked out of, and Defendants began an endeavor of trying to eliminate older workers from their employ at SPX.

16.     Plaintiff's assistance was sought in connection with terminating individuals in their sixties "because [they were] old, and can't do their jobs."

17.     Plaintiff refused to engage in such illegal activities.

18.     After Plaintiff refused to engage in such activities, SPX began to treat PHILBIN differently in the terms and conditions of his employment, including but not limited to in the following ways:

       (a)     screaming, yelling and threatening Plaintiff;

       (b)     making discriminatory, age related comments about older workers;

3

(c)     engaging in defamatory, public conversations about Plaintiff with other employees;

(d)     disciplining Plaintiff for alleged infractions he did not commit or were not worthy of discipline;

(e)     assigning Plaintiff unrealistic goals, duties and assignments;

(f)     striking Plaintiff physically and engaging in acts of battery;

(g)     excessive watching, monitoring and observing of Plaintiff's activities, and hostile interaction generally;

(h)     engaging in behavior that created an adverse, hostile working environment, including but not limited to those described above.

(i)     termination.

19.     Upon information and belief, the above actions were an attempt to force Plaintiff to leave the company due to his age, as well as in retaliation for Plaintiff's opposition to and refusal to engage in unlawful conduct prohibited by the ADEA.

20.     Plaintiff complained to his supervisors and the human resources department at SPX about the conduct and treatment described above that he perceived to be discriminatory.

21.     Defendants failed to take any necessary steps to investigate or correct any of the above conduct, and instead, Plaintiff's situation worsened.

22.     On or about November 2, 2006, Plaintiff was constructively terminated from his position at SPX, after being physically battered and attacked by his supervisor.

23.     Upon information and belief, Plaintiff was replaced with a younger, lesser experienced and qualified person.

24.     Defendants retained younger, similarly-situated employees who were not performing as well as Plaintiff and who did not have the tenure with SPX or qualifications that Plaintiff had, or who had not complained about discriminatory practices and procedures and who had refused to go along with the same.

4

25.     Younger employees were treated more favorably than Plaintiff in that they were not subjected to any of the adverse employment actions as described above, and retained their positions.

26.     Plaintiff's termination and other adverse actions he was subjected to were because of his age and his refusal to engage in illegal activity, and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

27.     By the above actions, but not limited to the same, Defendants discriminated against Plaintiff in the terms, conditions and privileges of employment because of his age, in violation of the ADEA, and treated younger employees more favorably.

28.     By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff which seriously affected his physical, financial and psychological well-being, and caused him to suffer significant damages.

29.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

30.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; damage to reputation, other compensatory damages, attorneys' fees, costs and other damages allowable under the ADEA.

31.     The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

WHEREFORE, Plaintiff, PHILIP PHILBIN, respectfully requests judgment against Defendants SPX CORPORATION and SPX FLUID POWER in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of and costs associated with loss of employee benefits, past and future, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, reasonable attorneys fees, liquidated and/or punitive damages and prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

## COUNT II
## SPX CORPORATION & SPX FLUID POWER
## RETALIATION - ADEA

32.    Plaintiff repeats and reasserts the allegations of paragraphs 1- 31 as this paragraph 32 as though fully set forth herein.

33.    Plaintiff has a federally protected right to equal treatment in the workplace.

34.    Plaintiff attempted to exercise that right by (a) refusing to engage in illegal activity; and (b) complaining to Defendants through their supervisors and human resources staff regarding the inappropriate behavior Plaintiff perceived to be discriminatory as outlined above.

35.    In addition to Defendants' refusal to address or resolve Plaintiff's complaints, Defendants engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment, creation of a hostile work environment and termination, as outlined above.

36.    Plaintiff was wrongfully constructively terminated on or about November 2, 2006, in retaliation for Plaintiff's complaining about and refusing to engage in unlawful activity.

37.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss

6

of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; damage to reputation, attorneys' fees, costs and other damages allowable under the ADEA.

38.　The above-mentioned acts of Defendants were willful, wanton, malicious, oppressive and in reckless indifference to Plaintiff's rights under the ADEA, and justify the awarding of exemplary, liquidated and/or punitive damages.

WHEREFORE, Plaintiff, PHILIP PHILBIN, respectfully requests judgment against Defendants SPX CORPORATION and SPX FLUID POWER in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of and costs associated with loss of employee benefits, past and future, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, reasonable attorneys' fees, liquidated and/or punitive damages and prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

## COUNT III
## SPX CORPORATION & SPX FLUID POWER
## EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")

39.　Plaintiff PHILBIN repeats and reasserts the allegations of paragraphs 1- 38 as this paragraph 39 as if though fully set forth herein.

40.　At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

41.　Plaintiff was adversely treated in an attempt to force him out of his position, and constructively terminated on or about November 2, 2006, in order to deprive him of continued participation in Defendants' funded employee welfare and benefit program.

42.     Defendants' motivation and intent for terminating Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq.* Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendants' illegal motivation.

43.     Defendants' actions were intentional, wilful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

44.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, costs associated with the same, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

WHEREFORE, Plaintiff, PHILIP PHILBIN, respectfully requests judgment against Defendants SPX CORPORATION and SPX FLUID POWER in an amount that will fully compensate him for his injuries and damages for Defendants's violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of benefits, costs associated with the same, past and future, and other incidentals and benefits of employment, medical expenses incurred, attorneys' fees, costs and other damages allowable under ERISA. as well as any other further relief as the Court deems just and appropriate.

## COUNT IV
## ALL DEFENDANTS - SPX & PRUSINSKI
## BATTERY

45.     Plaintiff PHILBIN repeats and reasserts the allegations of paragraphs 1- 44 as this paragraph 45 as if though fully set forth herein.

46.     While working for the Defendants, Plaintiff's supervisor TOM PRUSINSKI intentionally touched Plaintiff on his body causing him harm.

47.    The resulting contact by Plaintiff's supervisor with Plaintiff's body was unwelcome and offensive to Plaintiff and Plaintiff did not consent to this touching.

48.    These offensive touchings constituted a battery upon Plaintiff.

49.    As a direct and proximate result of the acts engaged in by Defendants, both directly and vicariously, Plaintiff suffered severe damages, including but not limited to loss of pay, severe emotional distress, humiliation, embarrassment; damage to reputation, pain and discomfort, attorneys fees, costs and other damages allowable.

50.    Defendants' actions were intentional, wilful and wanton, and done with reckless disregard for Plaintiff's protected rights and to his physical well being, so as to justify awarding punitive damages and exemplary damages in this case.

WHEREFORE, Plaintiff, PHILIP PHILBIN, respectfully requests judgment against Defendants SPX CORPORATION,  SPX FLUID POWER and TOM PRUSINSKI in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights and award Plaintiff damages for pain, suffering, fear, emotional and physical distress, medical expenses incurred, compensatory and punitive damages, attorneys' fees, costs any other damages allowable, as well as any other further relief as the Court deems just and appropriate.

**COUNT V**
**ALL DEFENDANTS - SPX and PRUSINSKI**
**DEFAMATION**

51.    Plaintiff repeats and reasserts the allegations of paragraphs 1- 50 as this paragraph 51 as though fully set forth herein.

52.    At all times relevant to this complaint, Defendants' managerial employee Tom Prusinski, was acting within the course and scope of his employment with Defendants in his role

9

as Controller/U.S. Operations of SPX FLUID POWER.

53.     In the scope of his employment with SPX, Prusinski made untrue, vulgar and offensive statements, about the Plaintiff, including but not limited to:

        a.)     that Plaintiff was having an affair with a subordinate female employee;

        b.)     that Plaintiff was "incompetent;"

        c.)     that Plaintiff was "incapable;"

        d.)     that Plaintiff had "short-term memory" issues.

54.     The above statements by Prusinski allege Plaintiff's inability to perform or want of integrity in the discharge of his duties, a lack of ability in his trade or business, and falsely accuse Plaintiff of being guilty of fornication or adultery.

55.     The statements made by Prusinski are defamatory per se.

56.     The statements made by Prusinski were false.

57.     Prusinski knew that these statements were false when made.

58.     Prusinski published this statement by informing employees of SPX of the above false statements without Plaintiff's authorization or permission.

59.     Prusinski was not privileged to make these false statements about Plaintiff.

60.     In addition to Defendant SPX being vicariously liable for the actions of Prusinski as set forth above, Defendant SPX, by failing to act, adopted, accepted and ratified the behavior of its manager, Prusinski.

61.     As a direct and proximate result of Defendants' false statements, and Defendant SPX's ratification of same, Plaintiff suffered severe injury to his personal reputation.

62.     As a direct and proximate result of Defendants' false statements and ratification of same, Plaintiff has lost and continues to lose, substantial income and benefits, including lost past and future wages, lost future earning potential, lost employee benefits and other incidentals

10

of employment.

63.    Plaintiff has also suffered damage to his professional reputation and ability to work via Defendants' false statements and ratification of same.

64.    Defendants SPX's and PRUSINSKI's actions, individually, as well as by and through SPX's agent, Tom Prusinski, were intentional, willful, and wanton, and were done with reckless disregard for the Plaintiff's rights and his physical well-being.

WHEREFORE, Plaintiff, PHILIP PHILBIN, respectfully requests judgment against Defendants SPX CORPORATION, SPX FLUID POWER and TOM PRUSINSKI in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights and award Plaintiff damages for pain, suffering, fear, embarrassment, humiliation, loss of reputation, front and back pay and benefits, emotional and physical distress, medical expenses incurred, compensatory and punitive damages, attorneys' fees, costs any other damages allowable, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

**PHILIP PHILBIN**


By:  /s/Kimberly A. Carr
        One of His Attorneys


**Best, Vanderlaan & Harrington**
**Kimberly A. Carr**
12 W. Cass Street
Joliet, IL 60432-4292
815-740-1500
815-740-6304 (facsimile)
Attorney Number: 6272033

11