IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS/EASTERN DIVISION

| | |
|---|---|
| PHILIP P. PHILBIN,<br><br>                Plaintiff,<br><br>        v.<br><br>SPX CORPORATION, SPX FLUID POWER, a corporation, and TOM PRUSINSKI, individually,<br><br>                Defendants. | No. 08 C 143<br><br>Judge Castillo<br>Magistrate Judge Nolan |

## ANSWER

NOW COME the Defendants, by their attorneys, Michael Best & Friedrich LLP, by Scott C. Beightol and Brian P. Paul, and as and for their Answer to the Complaint of the Plaintiff, Philip P. Philbin, hereby answer and otherwise respond to the numbered paragraphs of the Complaint as follows:

1. Lack knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny.

2. Admit.

3. Admit.

4. Lack knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny.

5. Admit that Plaintiff was an employee of SPX Fluid Power and deny the remainder of the allegations contained in the paragraph.

6. Admit.

7. Deny.

8. Admit.

9. Deny that Plaintiff has fulfilled conditions precedent and deny that he filed a charge

against all Defendants, and admit to the remainder of the allegations contained in paragraph 9 of the Complaint.

10. Admit.

11. Admit.

12. Deny.

13. Admit.

14. Deny that Plaintiff was terminated and lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14 of the Complaint.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Defendants repeat and reassert their answers to paragraphs one through 31 of the

Complaint.

33.    Admit.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

39.    Defendants repeat and reassert their answers to the allegations of paragraphs 1 through 38 of the Complaint.

40.    Admit that plaintiff was a participant in welfare benefit plans provided by the defendant employer but deny the remainder of the allegations contained in paragraph 40 of the Complaint.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Defendants repeat and reassert their answers to the allegations of paragraphs 1 through 44 of the Complaint.

46.    Deny.

47.    Deny.

48.    Deny.

49.    Deny.

50.    Deny.

51.    Defendants repeat and reassert their answers to the allegations of paragraphs 1 through 50 of the Complaint.

52.    Admit that the defendant employer's managerial employee, Tom Prusinski, was acting within the course and scope of his employment with defendant employer, and deny the

remainder of the allegations contained in paragraph 52 of the Complaint.

53.   Deny.

54.   Deny.

55.   Deny.

56.   Deny.

57.   Deny.

58.   Deny.

59.   Deny.

60.   Deny.

61.   Deny.

62.   Deny.

63.   Deny.

64.   Deny.

### AFFIRMATIVE DEFENSES

1.   Plaintiff fails to state a claim upon which relief may be granted.

2.   Plaintiff's claims of battery and defamation are barred by the exclusivity provisions of the Illinois Worker's Compensation Act.

3.   Plaintiff has failed to mitigate his damages.

4.   Defendant Prusinski, as the supervisor of Plaintiff, is immune from individual liability under the ADEA.

5.   All of the allegations in Plaintiff's Complaint which were not raised in the charge which Plaintiff filed with the IDHR and the EEOC should be stricken because Plaintiff is barred from any relief for claims which he failed to include and raise in the charge which he filed with the IDHR and the EEOC, and this Court does not have jurisdiction over such claims.

6.   All of the allegations in Plaintiff's Amended Complaint which occurred more than 300 days before plaintiff filed her Charge with the Illinois Department of Human Rights ("IDHR") and

the Equal Employment Opportunity Commission ("EEOC") should be stricken because Plaintiff is barred from relief for claims under Title VII of the Civil Rights Act that are based on acts that occurred more than 300 days before Plaintiff filed her Charge with the IDHR and the EEOC and this Court does not have any jurisdiction over such claims.

7.      Defendants took reasonable steps to prevent and promptly correct any alleged unlawful conduct, and Plaintiff failed to take advantage of preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

8.      Defendants SPX Corporation and SPX Fluid Power are not liable for any alleged harassing conduct because Defendants SPX Corporation and SPX Fluid Power did not know and should not have known of any alleged discriminatory conduct.

9.      To the extent that Plaintiff complained of any of the alleged discriminatory conduct, Defendants SPX Corporation and SPX Fluid Power exercised reasonable care to prevent and promptly correct any discriminatory behavior.

**WHEREFORE**, Defendants respectfully request that the Complaint in its entirety be dismissed on the merits and for an award of costs and attorneys' fees, and any other damages allowable as well as any further relief as the Court deems just and appropriate.

Dated: February 26, 2008

/s/ Brian P. Paul
One of the Attorneys for Defendants
SPX CORPORATION, SPX FLUID POWER, a corporation, and TOM PRUSINSKI, individually

MICHAEL BEST & FRIEDRICH LLP
Scott C. Beightol (#1006422)
Brian B. Paul (#6286839)
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI  53202-4108
Telephone: 414.271.6560
Facsimile: 414.277.0656
T:\CLIENTA\024454\0001\A2456299.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008, I electronically filed the foregoing *Answer* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kimberly A. Carr, Esq.
Best, Vanderlaan & Harrington
12 West Cass Street
Joliet, IL 60432-4292

/s/ Brian P. Paul
Attorney for Defendants,
SPX Corporation, SPX Fluid Power, a corporation, and Tom Prusinski, individually
Brian P. Paul, ARDC No. 6286839
Michael Best & Friedrich LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800
E-mail: bppaul@michaelbest.com