IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP P. PHILBIN,<br>    Plaintiff,<br><br>v.<br><br>SPX CORPORATION, SPX FLUID<br>POWER, a corporation, and TOM<br>PRUSINSKI, individually,<br>    Defendants. | Case No. 08 C 143<br><br>Judge Ruben Castillo<br>Magistrate Judge Nan Nolan |

## INITIAL STATUS REPORT

Plaintiff, Philip Philbin, by his attorney Kimberly Carr of Best, Vanderlaan & Harrington, hereby submits the following Initial Status Report pursuant to this Court's Orders of February 21, 2008 and March 20, 2008:

On February 21, 2008, this Court issued an Order that the parties converse regarding settlement, exchange settlement positions and file a joint status report by March 20th. Accordingly, on March 7, 2008, Plaintiff's counsel sent to Defendants' counsel Brian Paul, via facsimile and U.S. Mail a proposed initial status report ("ISR"), as well as Plaintiff's position on settlement and a settlement demand. Plaintiff did not receive any response from Defendants' counsel, thus followed up with him for purposes of having a conference on these issues a few days before March 20th. At that time, Defendants' counsel asked if he could request an extension from this Court in which to file the joint status report, and continue the original conference date. Plaintiff's counsel indicated she did not object, and upon Defendants' request this Court reset the filing date for the status report for April 4th. Defendants' counsel indicated after he had the opportunity to discuss matters with his client(s), he would let Plaintiff's counsel know Defendants' position on the ISR and settlement.

Having not heard from Defendants' counsel, Plaintiff's counsel again followed up with Mr. Paul via email on April 3rd, and received no response. Later in the afternoon, Plaintiff's counsel followed up again by telephone, at which time Mr. Paul indicated he would convey Defendant's position to Plaintiff's counsel on outstanding issues first thing in the morning on April 4th. By 2:30 p.m. on April 4th, Plaintiff's counsel still had nothing from Mr. Paul, thus she telephoned him again, getting his voice mail. Counsel left a message informing Mr. Paul she would have no choice but to file the ISR on her own if no response from Defendant was forthcoming within the next hour (by 3:30 p.m.) as the parties are under Court order to do so and Plaintiff's counsel had to leave the office by 4:00 p.m.. No response was received. As such, having not heard from Defendants' counsel, Plaintiff's counsel hereby submits the following information and discovery proposals to the Court:

Attorneys of Record

For Plaintiff:

Kimberly A. Carr
BEST, VANDERLAAN & HARRINGTON
12 W. Cass Street
Suite 12
Joliet, Illinois 60432
815/740-1500

For Defendants:

Brian Paul
MICHAEL, BEST & FRIEDRICH
180 N. Stetson Avenue
Suite 2000
Chicago, Illinois 60601
312/222-0800

A. Nature of the Case/Legal & Factual Issues

1. Basis for federal jurisdiction: This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiff also asserts state law claims for defamation and battery. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. 1343(a)(3)-(4).

Plaintiff's complaint asserts he worked for the corporate Defendants (hereinafter collectively referred to as "SPX"), as it's Credit and Collections Manager. When a new management team was appointed by the company to come into Plaintiff's location, Defendant began an endeavor of trying to eliminate older workers from their employ at SPX. Plaintiff's assistance was sought by management in an endeavor to terminate certain individuals in their sixties "because they are old, and can't do their jobs." When Plaintiff refused to engage in these illegal activities, his working environment changed very quickly and dramatically, where he was screamed at, had his work sabotaged due to unrealistic goals and activities, defamed, and generally endured a hostile working environment, including enduring negative commentary about older workers at the company. After Plaintiff reported this activity to human resources, he was subjected to further abuse, and eventually physically attacked by his supervisor, wherein he was constructively discharged. Since this lawsuit was filed, Plaintiff asserts that at least one employee has been threatened with termination and a lesser review and raise if s/he supports Plaintiff's allegations in the case.

Defendants deny the essential allegations of Plaintiff's complaint as they relate to his cause of action, and raise several affirmative defenses to the claim. Plaintiff disputes those defenses.

2. Relief sought: Plaintiff seeks damages in the form of back pay, liquidated damages, compensatory damages for battery and defamation, attorney's fees and costs. Plaintiff's calculation of claimed damages to date is as follows:

| | |
|---|---|
| Approximate lost wages to date: | $ 7,300.00 |
| Lost benefits: | $ 923.00 |
| Liquidated damages: | $ 8,223.00 |
| Compensatory damages: | $ 50,000.00 |
| Attorney fees & costs to date: | $ 14,945.00 |

3

3. All parties have been served and Defendants have all entered appearances and their Answer to the Complaint.

B. <u>Proposed Scheduling Order as Required by Fed. R. Civ. P. 16(b)</u>:

1. Discovery Plan: Discovery will be conducted regarding Plaintiff's claims of discrimination, hostile work environment, constructive discharge, defamation and battery, as well as Defendants' defenses and Plaintiff's alleged damages. Plaintiff proposes the following schedule pertaining to key events:

- Parties to exchange Rule 26(a)(1) Disclosures:   May 9, 2008
- Discovery closure date:   September 30, 2008
- Deadline for parties to amend pleadings:   August 29, 2008
- Expert disclosures under Rule 26(a)(2):   October 17, 2008 (by Pl)
- Expert disclosures under Rule 26(a)(2):   October 31, 2008 (by Dfts)
- Completion of all expert discovery:   November 28, 2008
- Deadline for the filing of dispositive motions:   December 31, 2008

D. <u>Trial Status</u>

1. Plaintiff has demanded a jury trial.

2. Probable length of trial is estimated at three (3) - four (4) days.

E. <u>Consent to Proceed Before a Magistrate Judge</u>

1. The parties do not consent to reassignment to the Magistrate Judge at this time.

F. <u>Settlement Status</u>

1. The parties are scheduled for a settlement conference with the Court on April 18, 2008. Plaintiff has provided Defendants with a settlement demand of $75,000.00. Defendants have not responded as of the filing of this report.

Respectfully Submitted,

PHILIP PHILBIN

By: ___Kimberly A. Carr___
     One of His Attorneys

     Kimberly A. Carr
     BEST, VANDERLAAN & HARRINGTON
     12 W. Cass Street
     Suite 12
     Joliet, Illinois 60432
     815/740-1500