IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP P. PHILBIN,<br><br>    Plaintiff,<br><br>v.<br><br>SPX CORPORATION, SPX FLUID POWER, a corporation, and TOM PRUSINSKI, individually,<br><br>    Defendants. | Case No. 08 C 143<br><br>Judge Ruben Castillo<br>Magistrate Judge Nan Nolan |

## INITIAL JOINT STATUS REPORT

Plaintiff, Philip Philbin, by his attorney Kimberly Carr of Best, Vanderlaan & Harrington, and Defendants, SPX Corporation, SPX Fluid Power and Tom Prusinski, by their attorneys, Scott C. Beightol and Brian B. Paul, of Michael Best & Friedrich LLP, hereby submit the following Joint Status Report pursuant to this Court's Order of February 21, 2008:

Attorneys of Record

For Plaintiff:

Kimberly A. Carr
Best, Vanderlaan & Harrington
12 W. Cass Street
Suite 12
Joliet, Illinois 60432
815/740-1500

For Defendants:

Scott C. Beightol
Brian B. Paul
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202
414-271-6560

A.     Nature of the Case

     1.     Basis for federal jurisdiction: This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. Plaintiff also asserts state law claims for defamation and battery. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. 1343(a)(3)-(4).

Plaintiff's complaint asserts he worked for the corporate Defendants (hereinafter collectively referred to as "SPX"), as its Credit and Collections Manager. When a new management team was appointed by the Company to come into Plaintiff's location, Defendants began an endeavor of trying to eliminate older workers from their employ at SPX. Plaintiff's assistance was sought by management in an endeavor to terminate certain individuals in their sixties "because they are old, and can't do their jobs." When Plaintiff refused to engage in these illegal activities, his working environment changed very quickly and dramatically, where he was screamed at, had his work sabotaged due to unrealistic goals and activities, defamed, and generally endured a hostile working environment, including enduring negative commentary about older workers at the Company. After Plaintiff reported this activity to human resources, he was subjected to further abuse, and eventually physically attacked by his supervisor, wherein he was constructively discharged. Since this lawsuit was filed, Plaintiff asserts that at least one employee has been threatened with termination and a lesser review and raise if s/he supports Plaintiff's allegations in the case.

Defendants strongly deny the essential allegations of Plaintiff's complaint as they relate to his cause of action, and raise several affirmative defenses to the claim. At no time did Defendants make any such age-based statements nor did Defendants subject Plaintiff to a hostile work environment. Plaintiff was not retaliated against or ever "physically attacked." Plaintiff voluntarily chose to quit his employment and in no way can a constructive discharge claim be sustained. Plaintiff has since, based on information and belief, obtained alternative employment and fully mitigated his damages. Defendants reserve their rights to pursue a counterclaim or seek attorneys' fees against Plaintiff for bringing or maintaining a frivolous claim or claims, as the evidence is developed in this lawsuit.

2. Relief sought: Plaintiff seeks damages in the form of back pay, liquidated damages, compensatory damages for battery and defamation, attorneys' fees and costs. Plaintiff's calculation of claimed damages is as follows:

   Approximate lost wages:       $ 7,300.00
   Lost benefits:          $ 923.00
   Liquidated damages:       $ 8,223.00
   Compensatory damages:     $50,000.00
   Attorney fees & costs to date:    $14,350.00

  3. All parties have been served and Defendants have all entered appearances and their Answers to the Complaint.

B. <u>Proposed Scheduling Order as Required by Fed. R. Civ. P. 16(b)</u>:

  1. Discovery Plan: Discovery will be conducted regarding Plaintiff's claims of discrimination, hostile work environment, constructive discharge, defamation and battery, as well as Defendants' defenses and Plaintiff's alleged damages. The parties propose the following schedule pertaining to key elements:

- Parties to exchange Rule 26(a)(1) Disclosures: May 9, 2008
- Discovery closure date: September 30, 2008
- Deadline for parties to amend pleadings: August 29, 2008
- Expert disclosures under Rule 26(a)(2): September 12, 2008 (by Pl)
- Expert disclosures under Rule 26(a)(2): September 26, 2008 (by Dts)
- Deadline for the filing of dispositive motions: November 28, 2008

D. <u>Trial Status</u>

  1. Plaintiff has demanded a jury trial.

  2. Probable length of trial is estimated at three (3) – four (4) days.

E. <u>Consent to Proceed Before a Magistrate Judge</u>

  1. The parties do not consent to reassignment to the Magistrate Judge.

F. <u>Settlement Status</u>

  1. The parties are scheduled for a settlement conference with the Court on April 18, 2008. Plaintiff has provided Defendants with a settlement demand and Defendants will shortly respond.

Dated: April 17, 2008

Respectfully Submitted,

| | | |
|---|---|---|
| PHILIP PHILBIN | | SPX CORPORATION<br>SPX FLUID POWER<br>TOM PRUSINSKI |
| By: s/ Kimberly A. Carr<br>    One of His Attorneys | | By: s/ Brian P. Paul<br>    One of Their Attorneys |
| Kimberly A. Carr<br>Best, Vanderlaan & Harrington<br>12 W. Cass Street<br>Suite 12<br>Joliet, Illinois 60432<br>815/740-1500 | | Scott C. Beightol<br>Brian B. Paul<br>Michael Best & Friedrich LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, Wisconsin 53202<br>414/271-6560 |